IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10087
Summary Calendar
_____


JAMES WILLIE DUKE, III,

                                        Plaintiff-Appellant,

versus

JOHN GAUGE et al.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CV-2745-BD
- - - - - - - - - -

January 13, 1999

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

        James Willie Duke, III (Duke), federal prisoner #24193-077,

appeals the dismissal with prejudice of a claim filed pursuant to

42 U.S.C. § 1983.  Although Duke asserted numerous civil rights

violations, on appeal he only raises two issues:  1) the district

court should have appointed counsel to represent him; and 2) the

district court abused its discretion by denying Duke's request

for a continuance.

        First, Duke argues that the magistrate judge should have

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appointed counsel because of the "severity of the complaint," his inability to gain access to the law library, and his lack of knowledge regarding the law. Duke initially filed a motion for appointment of counsel, but then filed a motion requesting the withdrawal of the motion for appointment of counsel. There is no indication that Duke renewed his request for the appointment of counsel at the trial. Given this, the magistrate judge did not err by not appointing counsel. Indigents are not generally entitled to the appointment of counsel in § 1983 cases, and Duke has not demonstrated the existence of exceptional circumstances requiring the appointment of counsel. *See Jackson v. Dallas Police Dept.*, 811 F.2d 260, 261 (5th Cir. 1986).

Next, Duke argues that the magistrate judge abused his discretion by not granting a continuance. *See Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1570 (5th Cir. 1989)(holding that this court reviews a denial of a motion for continuance for abuse of discretion). As the magistrate judge determined in his order dated December 5, 1997, Duke had ample time to prepare his case. Moreover, Duke has failed to establish that he was seriously prejudiced by the magistrate judge's decision. *See United States v. Castro*, 15 F.3d 417, 423 (5th Cir. 1994); *see also United States v. Correa-Ventura*, 6 F.3d 1070, 1074 (5th Cir. 1993)(explaining that trial judges are granted broad discretion in ruling on motions for continuance).

Accordingly, the magistrate judge's order dismissing Duke's case with prejudice is affirmed.

AFFIRMED.